**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-10131
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC ANTHONY THOMAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(5:93-CR-13-01)

(August 22, 1995)

Before GARWOOD, WIENER and PARKER, Circuit Judges.

WIENER, Circuit Judge:[*]

Defendant-Appellant Eric Anthony Thomas appeals the sentence

imposed by the district court on remand from this court of Thomas'

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

first appeal in this matter.[1]  In Thomas I, a panel of this court determined that Thomas' original sentencing violated the Double Jeopardy Clause of the Fifth Amendment, relying on United States v. Marroquin[2] and Ray v. United States,[3] and remanded the case to the district court for resentencing.  In so doing, the Thomas I panel stated that the government will elect "under which of the three convictions Thomas should be sentenced."[4]  Again, in its conclusion, the panel in Thomas I stated that the matter was remanded to the district court for resentencing on "the count" elected by the government.[5]

On remand, the government elected to proceed to sentencing on Counts 2 and 3 of Thomas' indictment.  The district court ordered the government to file an "Amended Election of Count" because the government's "Election of Count" did not comply with our mandate.  The government nevertheless argued that its election to proceed on Counts 2 and 3 was proper and requested a hearing on the matter.  After conducting such a hearing, the district court allowed the government to proceed to sentencing on Counts 2 and 3, after which Thomas was sentenced on those counts.  This appeal followed.

At the hearing in question the government arguedSQand the

---

[1]  United States v. Thomas, No. 93-1720 (5th Cir. Nov. 15, 1994) (copy attached) (Thomas I).

[2]  885 F.2d 1240 (5th Cir. 1989), cert. denied, 494 U.S. 1079 (1990).

[3]  481 U.S. 736 (1987).

[4]  Thomas, slip op. at 4.

[5]  Id. at 11.

district court acceptedSQthat our statement in Thomas I directing the government to "elect a count" should have been worded "counts," characterizing the singular statement in the opinion as a ministerial error. Thomas, of course, contended that the wording of our opinion in Thomas I was "clear in permitting the election as to a single count." The issue before this panel in the instant appeal is not what the Thomas I panel could have done but what it did, for this panel is bound by stare decisis and the law of the case doctrine to follow Thomas I.

Not once but twice the Thomas I opinion employed plain, clear and unequivocal language of the singular in remanding the case for resentencing. No motion was filed by either party for correction or clarification. Like this panel, the government and the district court are bound by the clear and unambiguous wording of Thomas I, which instructed the government to select a single conviction upon which to proceed at resentencing. The government and the district court failed to comply, however, leaving us no choice but to remand again for resentencing.

For the foregoing reasons, we again vacate Thomas' sentence and remand for resentencing, at which time "the government will elect under which [one and only one] of the three convictions Thomas should be sentenced."[6] And the district court shall resentence Thomas on the single conviction selected by the government.

VACATED and REMANDED for resentencing.

---

[6] Id. at 4.

3